943 F.2d 48
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brendan-Marie BRANDON, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary, Department of the Army,
United States of America, Defendants-Appellees.
 No. 90-3174.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1991.
Decided Aug. 26, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-2118-HAR)
 Glen Marcus Fallin, Ellicott City, Md., for appellant.
 Christopher Bowmar Mead, Assistant United States Attorney, Baltimore, Md. (Argued), for appellees; Breckinridge L. Willcox, United States Attorney, Peter M. Semel, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Brandon appeals the district court's dismissal of her gender discrimination action for non-prosecution. She claims that the court failed to follow its rules in dismissing her action. We conclude that the court did not abuse its discretion in dismissing, and we therefore affirm.
 
 
 2
 * Brandon brought a Title VII claim and a Fair Labor Standards Act claim against the Army in United States District Court for the District of Columbia on October 20, 1987. Inexplicably, and with consequences of great confusion in this case, Brandon filed an identical action in the United States District Court for the District of Maryland. On June 20, 1988, the government had the District of Columbia case transferred to the Maryland district court. Thereafter the identical Maryland-filed action was dismissed. In September 1988, the Maryland court which had been assigned the transferred District of Columbia case granted plaintiff's motion for an extension of time to conduct discovery, postponing the discovery deadline to March 1, 1989. As part of the extension, the court required a January 10, 1989 status report. However, plaintiff's counsel never submitted anything to the court, and never communicated with the court, through May 19, 1989. The only activity in the case from September 1988 through May 1989 (and beyond) was defendant's filing of an answer on October 6, 1988. On the basis of this inactivity, the court sent plaintiff's counsel, on May 19, 1989, a show cause order directing counsel to show cause within thirty days why the case should not be dismissed for non-prosecution. Counsel claims that he never received the order because it was sent to his last known (but old) address. He admits, however, that he failed to notify the court, as required under local rules, of his change of address. In any event, the court did not hear from counsel by July 10, 1989, and therefore dismissed Brandon's action without prejudice.
 
 
 3
 Counsel for Brandon contends that he first learned of the dismissal in late December 1989, and then he immediately filed a Rule 60(b)(1) motion for relief from the judgment, claiming that he and his client never received notice of the show cause order. The district court denied the motion, on the grounds that any confusion or harm resulting from the failure of counsel to receive notice was caused by his failure to inform the court of his change of address. The court further noted that counsel's argument that dismissal was premature was undercut by the fact that counsel did not file any papers in the matter for fifteen months. This appeal followed.
 
 II
 
 4
 Brandon challenges the dismissal as being not in conformance with the local rules. Analysis shows, however, that the court acted fairly and within its discretion in dismissing the case.
 
 
 5
 The district court issued its show cause order on May 19, 1989 pursuant to Local Rule 33, which was then in effect. Rule 33 provided that actions pending for more than twelve months without any action having been taken by any of the parties should be subject to a show cause order why the action should not be dismissed with prejudice.
 
 
 6
 Brandon contends that because the court did not wait a full twelve months before issuing its show cause order that its dismissal is defective.* Plaintiff apparently misperceives the nature of our review. Our inquiry focuses not only on the show cause order and its authority, but on the authority for the direct action under review--dismissal of the case. Local Rule 103 8.b went into effect on July 1, 1989, and it was in effect when the action was actually dismissed. Rule 103 8.b, unlike the superseded Rule 33, provides that actions shall be dismissed without prejudice after nine months of non-activity, unless cause is shown for the non-prosecution. When the court dismissed the case, pursuant to Rule 103 8.b, the action had been dormant for more than nine months. Thus, the time period requirement of Rule 103 8.b for non-prosecution was met.
 
 
 7
 We recognize that the show cause order was issued pursuant to Rule 33, and no show cause order was issued pursuant to Rule 103 8.b, though the action was dismissed under the latter rule. However, we do not find that apparent discrepancy sufficient to render defective the court's action. We are reviewing the court's decision to dismiss a cause pursuant to Rule 103 8.b. That rule provides for dismissal after nine months of dormancy, which there was in this case. It further requires, in conformance with due process, that notice be given and counsel be afforded the opportunity to explain why the action should not be dismissed. Here the court gave notice (to the best of its ability) of the pending dismissal, and furthermore, it gave counsel time to demonstrate why the action should not be dismissed. Consequently, all the substantive requirements of Rule 103 8.b were met. Given this, we do not find an abuse of discretion in dismissing the action.
 
 III
 
 8
 When counsel discovered in December 1989 that the action had been dismissed, he immediately filed a motion for relief from judgment. Counsel claimed that judgment should be set aside because counsel never received the show cause order due to confusion about counsel's mailing address. However, it is conceded by counsel that the confusion was caused by his failure to comply with local rules that require counsel to file a pleading in each of their cases with the clerk of court indicating a change of address. Plaintiff's counsel tries to dismiss this as "excusable neglect," but the only excuse offered was that counsel was out of the office for a few months. The facts show, however, that counsel changed his address in January 1988, and though having some correspondence with the court in which he used, and the court used, his new address, counsel never filed the appropriate papers until six months after the case was dismissed--January 1990. Moreover, and perhaps most important, there was no activity in the case from October 1988, the date of defendant's answer, until January 1990, when plaintiff filed the motion for relief from judgment.
 
 
 9
 We find that the district court acted within its discretion in denying the motion for relief from judgment. First, we note that the court had dismissed the action without prejudice. More critically, though, the record before the court was a blank page for fifteen months, and counsel was not forthcoming with an acceptable reason for this inactivity. This suffices to support the district court's decision.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Plaintiff also contends that the district court violated Local Rule 33 by not giving notice to plaintiff herself. However, as the government points out, plaintiff's counsel had notified the court that Brandon had been reassigned to Germany. Consequently, the court had no known address, and thus was relieved under Rule 33 of the responsibility of notifying plaintiff. See Local Rule 33 (requires notice to the parties "if their post addresses are known"). We agree with the government that with respect to notice to plaintiff the court was, in effect, in compliance with Local Rule 33